IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

BARCLAY TABER, )
 )
 Plaintiff, )
 )
 ) CIV-12-1113-D
v. )
 )
JUSTIN JONES, Director, )
 )
 Defendant. )

SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner[1] appearing *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). As directed, Defendant Jones has filed a special report consistent with Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978). Defendant Jones, who is the sole Defendant and is sued in his capacity as the Director of the Oklahoma Department of Corrections ("ODOC"), has moved to dismiss the cause of action against him pursuant to Fed.R Civ.P. 12(b)(1) and (6). Although advised of his opportunity

---

[1] Plaintiff is serving a sentence of life imprisonment entered for his conviction of Murder in the First Degree, Oklahoma County, Case No. CRF-94-6971. Plaintiff is confined at the Lawton Correctional Facility, a private prison located in Lawton, Oklahoma.

1

to respond to the Motion and his obligations in responding under Fed.R.Civ.P. 12 and 56, Plaintiff has not responded to the Motion to Dismiss, and the time given Plaintiff for doing so has expired.

In his Complaint filed in October 2012, Plaintiff alleges that "[o]n approximately 2-29-12, Plaintiff received notice from prison mail room, stating that photos sent to me from outside vender [sic] were prohited [sic] under Oklahoma Opperation [sic] Procedure 030117#6, A, C1." Complaint, at 1. He alleges that previous to this date, and "[f]or months," he had "ordered and received photos from E.P.S., Appleton, Wisconcen [sic] and Coldcrib, Franklin, Tennessee. These are non-nude glossy photos." Complaint, at 2. He alleges that ODOC's policy concerning receipt of correspondence by inmates was enforced by former Lawton Correctional Facility ("LCF") mailroom supervisor Ms. Holsten. Plaintiff alleges that the confiscation of his correspondence violated his First Amendment rights "by not allowing him to received [sic] photos from outside vender." He further alleges that Defendants Jones, former LCF Warden Chester, and Ms. Holsten "acted in concert" to violate his First Amendment rights.[2] Complaint, at 3.

Plaintiff asserts that he submitted a grievance to former LCF Warden Chester and a grievance appeal to Defendant Jones, that he asked the prison officials to review the photos, and that "[b]oth parties refused to look at photo[s] and denied my grievance." Complaint, at 5. As relief, Plaintiff requests to be allowed to receive "non-nude photos" from outside

---

[2] At Plaintiff's request, Ms. Holsten and Mr. Chester were previously dismissed as defendants in this action.

vendors and also requests that Defendant Jones be directed to "[r]ewrite" the policy to make it easier for inmates to understand and prison staff to enforce. Id.

I. Eleventh Amendment Immunity

Defendant Jones seeks the dismissal under Rule 12(b)(1) and (6) of Plaintiff's cause of action against him in his official capacity on the ground of Eleventh Amendment immunity. See Ruiz v. McDonnell, 299 F.3d 1173, 1180-1181 (10th Cir. 2002)(Eleventh Amendment immunity defense is challenge to federal court's subject matter jurisdiction).

The Eleventh Amendment bars an action for monetary damages in federal court against a state by the citizens of that state. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 (1985). This immunity extends to actions against state officials acting in their official capacities. Edelman v. Jordan, 415 U.S. 651, 662-663 (1974).

Plaintiff, however, does not seek monetary damages in this action. Therefore, the Eleventh Amendment provides no immunity to Defendant Jones in this § 1983 action against him seeking only equitable relief.

II. Claim of Facial Invalidity of Policy

Generously construing Plaintiff's *pro se* allegations in his Complaint, it appears Plaintiff is alleging that ODOC's policy governing certain types of incoming correspondence is unconstitutionally vague on its face as he asks that the policy be written to provide a clearer description of the banned materials. Defendant Jones has moved to dismiss this claim pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that it does not present a plausible claim of a First Amendment violation.

A motion to dismiss may be granted when the plaintiff has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). All well-pleaded facts, as distinguished from conclusory allegations, are accepted as true, and those facts are viewed in the light most favorable to the non-moving party. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005). To survive a motion to dismiss, "a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)(complaint must present factual allegations that "raise a right to relief above the speculative level" and that asserts "enough facts to state a claim to relief that is plausible on its face").

A *pro se* plaintiff's complaint must be broadly construed under this standard. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the generous construction given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). See Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997)(courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf").

Additionally, Plaintiff's challenge to the regulation invokes additional pleading

4

requirements. "Correspondence between a prisoner and an outsider implicates the guarantee of freedom of speech under the First Amendment and a qualified liberty interest under the Fourteenth Amendment." Treff v. Galetka, 74 F.3d 191, 194 (10th Cir. 1996)(citing Procunier v. Martinez, 416 U.S. 396, 408 (1974)).  Although "[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution," the Supreme Court has repeatedly recognized that "courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform." Turner v. Safley, 482 U.S. 78, 84 (1987). In light of these considerations, the Court has "adopted a standard of review that focuses on the reasonableness of prison regulations: the relevant inquiry is whether the actions of prison officials were 'reasonably related to legitimate penological interests.'" Thornburgh v. Abbott, 490 U.S. 401, 409 (1989)(quoting Turner, 482 U.S. at 89).  Recognizing the "categorically different consideration" involving the issue of "incoming publications" received by prisoners as opposed to an inmate's outgoing correspondence, the Court has found that "it is essential that prison officials be given broad discretion to prevent . . . disorder" with respect to incoming correspondence in the "volatile prison environment." Id. at 412-413. Thus, as a general rule, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner, 482 U.S. at 89.  See Al-Owhali v. Holder, 687 F.3d 1236, 1240 (10th Cir. 2012)(holding court need only assess "whether a prison regulation is 'reasonably related to a legitimate penological interest'" at the pleading stage, *i.e.*, in ruling on a motion to dismiss).

Plaintiff challenges ODOC's policy OP-030117 ("Correspondence, Publications, and

Audio/Video Media Guidelines"). In this policy, ODOC has described certain types of prohibited correspondence. At subsection (1)(B)(6), the particular provision challenged by Plaintiff, the policy prohibits "[w]ritten materials containing depictions or descriptions of sexual conduct that are obviously offensive and, taken as a whole, have as their dominant theme an appeal to the prurient interest" and also prohibits "[s]exually explicit materials includ[ing] nude pictures, drawings or depictions of female breasts or the genitalia of either gender." Motion to Dismiss, Ex. 1, at 4 (ODOC OP-030117(1)(B)(6)(effective October 29, 2012)).

In the policy itself, ODOC states the purpose of this policy: "To create a correctional environment conducive to the physical safety of offenders and staff and to aid in the rehabilitative process by discouraging violence or unnatural or aggressive sexual behavior, obscene or indecent materials will be prohibited." Id. Defendant Jones relies on the policy's statement of the purpose for the ban that prompted the confiscation of Plaintiff's incoming correspondence.

Following the confiscation of his mail, Plaintiff submitted a grievance to former Warden Chester in which he requested that Mr. Chester "look at the photos received and see the photos comply with policy of no explicit female breasts or genitalia showing." Special Report, Att.3, at 3. Plaintiff also stated that he had "ordered from this same vender with no problems." Id. In response to Plaintiff's grievance, Plaintiff was advised by LCF officials that his grievance was denied because "the pictures . . . were prohibited" under OP-030117(1)(B)(6). Id. at 2. Plaintiff was given 30 days to mail out the "pictures" or, if he did

not do so, he was advised they would be "destroyed." Id.  In his appeal of the grievance denial to ODOC's Administrative Reviewing Authority ("ARA"), Plaintiff stated that "the photos in question [are] not nude, but are wearing very minimul clothing [sic]." Id., Att. 5, at 3.

The Tenth Circuit Court of Appeals has upheld a jail's ban on inmate access to "sexually explicit material" and found that the ban was rationally related to the jail's expressed purposes for the ban of advancing jail security and protecting the safety of jail personnel and other inmates. Jones v. Salt Lake County, 503 F.3d 1147, 1155-1156 (10th Cir. 2007).   ODOC's stated purposes, including the safety of offenders and staff and discouraging violence and aggressive sexual behavior, are legitimate governmental goals which are furthered by the ban on "[w]ritten materials containing depictions or descriptions of sexual conduct that are obviously offensive" and "sexually explicit materials." See id. at 1156 ("Prison security and safety are legitimate governmental objectives," and ban on "sexually explicit material" is rationally related to those objectives.").

To the extent Plaintiff may be asserting that the ODOC policy was unconstitutionally vague as-applied to him, Plaintiff conceded in his grievance appeal that the photographs contained in the confiscated correspondence depicted females wearing minimal clothing. Assuming the truth of this statement, Plaintiff has failed to state a claim of a First Amendment violation because he has not shown that the officials' actions in confiscating the correspondence was an exaggerated response to the prison's legitimate penological concerns or that the confiscated material did not reasonably fall within the prohibition described in

ODOC's policy. Accordingly, Plaintiff has failed to state a First Amendment claim upon which relief may be granted, and Defendant Jones' Motion to Dismiss should be granted on this basis.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Defendant Jones' Motion to Dismiss (Doc. # 20) be GRANTED and that Plaintiff's cause of action be DISMISSED without prejudice for failure to state a claim. It is further recommended that the dismissal of this cause of action count as one "prior occasion" or "strike" pursuant to 28 U.S.C. §1915(g). See Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176, 1177 (10th Cir. 2011)("When an action or appeal is dismissed as frivolous, malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike" and "a dismissal under [28 U.S.C. ] § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim . . . ."). Plaintiff is advised of the right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by _____May 22nd___, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the

undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __2nd__ day of __May__, 2013.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE